## MULCAHY *v.* MUTACH.

(Decided November 4, 1935.)

*Messrs. Graves & Duff* and *Mr. George C. Bryce*, for plaintiff in error.

*Messrs. True, Crawford & True* and *Mr. Moses Lane*, for defendant in error.

LLOYD, J.   On January 14, 1933, the plaintiff in error, Edith Mulcahy, filed a petition in the Court of Common Pleas of Ottawa county to recover damages from the defendant in error, Leo J. Mutach, for personal injuries alleged to have been sustained on Janu-

ary 18, 1931, because of the negligent maintenance or construction of a building owned by the defendant in error and located in the village of Marblehead. On the summons issued on the petition the sheriff on January 19, 1933, made the following return:

"State of Ohio, Ottawa County:

"Received this writ January 14, 1933, at 11:00 o'clock A. M. and on January 18, 1933, I served the within named Leo J. Mutach by leaving for him at his usual place of residence a true and certified copy with all endorsements thereon."

On March 16, 1933, Mutach filed a motion to vacate and set aside this service of summons for the reason that it had been made by leaving a copy thereof at his place of business and not at his usual place of residence, as recited in the return of the sheriff. This motion was heard and granted by the court on March 18, 1933. An alias summons issued on March 27, 1933, was thereafter duly and legally served on Mutach on April 12, 1933. Mutach filed a motion to set aside the service returned on the alias summons, and also filed a motion to dismiss the petition. Both of these motions having been granted the court dismissed the petition and entered a judgment for costs.

Claiming that in the action so sought to be commenced she had failed otherwise than upon the merits the plaintiff in error commenced another action in the same court by filing a petition therein on June 5, 1935, based on the same alleged negligently caused personal injuries, and alleging therein in detail the facts above stated as to the proceedings and judgment in the action first sought to be commenced by her. A demurrer to this petition having been sustained, an amended petition was filed by leave of court, to which also a demurrer was sustained. Thereupon, Mulcahy not desiring to plead further, the petition was dismissed and a judgment entered for costs.

Plaintiff in error has filed a petition in error in this

court claiming that the court erred in sustaining the demurrer to the amended petition and in entering judgment for Leo J. Mutach, the defendant in error. She bases her contention on that part of Section 11233, General Code, which reads as follows:

"In an action commenced, or attempted to be commenced, if in due time a judgment for the plaintiff be reversed, or if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of reversal or failure has expired, the plaintiff, or, if he dies and the cause of action survives, his representatives may commence a new action within one year after such date. * * *"

The questions presented, therefore, are, was what was first done a previous "action * * * attempted to be commenced" and did plaintiff in error fail therein "otherwise than upon the merits"?

Her injuries were sustained on January 18, 1931. Her first petition was filed on January 14, 1933. Summons was issued on the same day, and was served on January 18, 1933, the last day of the applicable statutory period of limitation within which plaintiff in error's cause of action was enforcible. The return of the sheriff on the summons showed that valid service thereof had been made thereon. The motion to vacate and set aside the *prima facie* valid service of summons was not filed until March 16, 1933, fifty-six days after the misleading and false return of service of the summons had been made by the sheriff, and more than sixty days after the issuance of the summons. On March 18, two days later, and presumably the earliest date on which it could be submitted, this motion was heard and granted by the court, and no facts are pleaded by the plaintiff in error from which it can be inferred that she had knowledge at an earlier date of the falsity of the sheriff's return. It was then too late to procure a service of summons on Mutach that would constitute such an attempt to commence an

action as would be equivalent to its commencement within the meaning of Section 11231, General Code. So unless Section 11233, General Code, applies to the facts presented in the instant case the plaintiff in error, through no fault either of herself or her attorneys, is remediless.

"An attempt to commence an action * * * equivalent to its commencement," as used in Section 11231, General Code, is a quite different attempt from that prescribed by Section 11233, General Code. The one gives a right to have a present particular attempted-to-be-commenced action become in fact a pending one. The other relates to attempts of a different category—not to actions sought to be commenced when service is not obtained and diligent effort fails to procure service within the statutory time, but to actions where, as in the instant case, a party in good faith believes and has a right to believe that the defendant has been duly served with summons; or, as in *Pittsburgh, C., C. & St. L. Ry. Co.* v. *Bemis*, 64 Ohio St., 26, 59 N. E., 745, where by mistake an action is commenced in a court not having jurisdiction of the subject-matter.

The action first brought was terminated through no fault or voluntary act of plaintiff in error, but by the act of another, which she and her attorneys were powerless to control. She had done all that she was required to do, and the fault lay with the sheriff, upon whose return of service of summons plaintiff in error had a right to and did rely, and the falsity of which she had no knowledge or advice until too late to rectify the error within the statutory time of sixty days allowed to her by Section 11231, General Code, to procure valid service which would make the action attempted to be commenced equivalent to its commencement and thereby reserve to her the right to maintain the particular action so attempted by her to be commenced. Having been misled by the false return of the sheriff, and having been deprived thereby of her

day in court, her right to bring the second action is clearly within both the letter and the reason of Section 11233, General Code.

Counsel in argument called our attention to an error proceeding in the Court of Appeals of Sandusky county, entitled *Hattie Robinson*, plaintiff in error, *v. The Clyde Tile Company*, also known as Kingsway Brick & Tile Company, defendant in error, wherein this court, affirming without written opinion a judgment of the Court of Common Pleas, held that Section 11233, General Code, had no application to the facts pleaded in the amended petition filed therein in that court.

The facts as alleged in that amended petition were that on June 22, 1931, Hattie Robinson, as plaintiff, filed a petition in the Court of Common Pleas against The Clyde Tile Company to recover a judgment for personal injuries sustained on February 6, 1930, through negligence of that company. A summons issued thereon on the same day was returned by the sheriff on June 23, 1931, his endorsement thereon being that The Clyde Tile Company could not be found in Sandusky county.

On February 25, 1932, Hattie Robinson, learning that process had not been served on The Clyde Tile Company, amended her petition by interlineation, so that the caption thereof read: "The Clyde Tile Company, also known as The Kingsway Brick & Tile Company." A summons thereon issued on the same day was on that day returned by the sheriff as served on "The Clyde Tile Company also known as The Kingsway Brick and Tile Company by personally handing to B. S. Graves, President, a true and certified copy thereof with all the endorsements thereon." A motion by The Kingsway Brick and Tile Company, filed on March 24, 1932, to quash this service of summons, was granted on April 4, 1932, and the action was thereupon dismissed.

In her amended petition she also alleged that service of summons was made on Graves, the president of The Kingsway Brick & Tile Company, within sixty days after the expiration of the statute of limitations, and that a petition in error filed by Robinson in the Court of Appeals having been dismissed and no trial having been had on the merits of the alleged cause of action she "brings this action under and by virtue of Section 11233, General Code." Then follows a statement of the same cause of action as that alleged in the action which she alleged she had theretofore attempted to commence and which she claimed had failed otherwise than upon the merits.

From these facts it appeared that no service of summons of any kind was had on the petition and none on the amended petition until nineteen days after the lapsing of the statutory time within which Robinson might commence her action, if the Brick and Tile Company made that defense.

Although not stated in the amended petition in so many words it was clearly apparent therefrom that there was no Clyde Tile Company, and certainly an attempt to commence an action against The Kingsway Brick & Tile Company, an alleged corporation, could not be made until it had been named as a defendant in the action sought to be commenced. There is no parity of facts between the *Robinson case* and the instant case, and further comment seems unnecessary.

For the reasons given the judgment of the Court of Common Pleas is reversed and the cause remanded to that court for further proceedings according to law.

*Judgment reversed and cause remanded.*

OVERMYER and CARPENTER, JJ., concur.